UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH S. MORRIS,

Plaintiff,

-against-

PRESIDENT DONALD J. TRUMP; ALJ
ROXANNE FULLER; A.G. WILLIAM BARR;
COMM ANDREW SAUL OF SOCIAL
SECURITY; NANCY BERRYHILL, DEPUTY
COMM. OF SOCIAL SECURITY; UNITED
STATES OF AMERICA (GOV); LORELEI
SALAS, COMM. OF DCA; ALLISON
JOHNSON, DEPARTMENT OF CONSUMER
AFFAIRS; TRACIE L. COVEY, ED. OF
UNEMPLOYMENT INSURANCE APPEALS
BOARD NYS; GERALDINE A. REILLY,
CHAIRWOMAN, NYS ULAB; DEPARTMENT
OF LABOR, SECRETARY OF STATE (N.Y.);
MIKE POMPEO; STEVEN MNUCHIN; REX
TILLERSON, OFFICE OF TEMPORARY
DISABILITY ASSISTANCE (OTDA);
ALEXANDER ACOSTA, D.O.L. SECRETARY,

Defendants.

21-CV-4445 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Keith S. Morris, a New York County resident appearing *pro se*, brings this

complaint under 42 U.S.C. § 1983. He asserts claims in connection with his applications for

social security and unemployment insurance benefits and the denial of his 2016 application for a

license to tow vehicles. By order dated May 24, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Keith Morris makes the following allegations. On or about October 31, 2016, Plaintiff paid fees for fingerprinting and renewal of his towing license for his business, Paladino Cash Tow Rescue, Inc. (ECF 2 at 14, ¶¶ 81, 87.) In May 2017, state authorities denied his towing license on the ground that he "had served time and w[as] a Felon." (Id. at ¶¶ 78, 81.) Plaintiff had previously earned $35,000 per year but without his license it was "[d]ifficult to maintain a steady income." (Id. at ¶¶ 78, 88.) On an unspecified date, Plaintiff had debts totaling approximately $11,000. (Id. at ¶ 95.)[1]

Plaintiff also applied for unemployment insurance benefits. On May 20, 2019, Plaintiff was required to attend a "vocational hearing." (Id. at ¶ 63.) Administrative Law Judge Oluwato Akinrolabu held a hearing on November 25, 2020. (Id. at ¶ 102.) Plaintiff complains of the "unskilled handling of [his] hearing[s] on May 20, 2019, and Nov. 20, 2020."[2] (Id. at ¶ 68.) He contends that defendants "knew he was disabled but failed to do anything to assist him at the vocational hearing" and "conspired with the [D]epartment of Labor, Social Security Administration, and the Unemployment [I]nsurance [A]gency [to] depriv[e] the plaintiff" of benefits. (Id. at ¶¶ 96-97.)

The Social Security Administration called Plaintiff on January 13, 2020. (Id. at ¶ 22.) Plaintiff names Roxanne Fuller, an ALJ with the United States Social Security Administration

---

[1] Plaintiff alleges in his *in forma pauperis* application that he does not currently have any income but receives food stamps. (ECF 1 at 1.)

[2] It is unclear from the allegations of the complaint if Plaintiff had hearings on both November 20, 2020, and November 25, 2020, or if this is an error regarding the date.

(SSA) as a defendant in this action. Plaintiff contends that Defendants SSA Deputy Commissioner Berryhill, former U.S. Attorney General William Barr, and former President Donald J. Trump conspired "with the independent contractor [t]o swindle Plaintiff for his benefits." (*Id.* at ¶ 63.)

As of March 21, 2021, Plaintiff's state unemployment insurance benefits were exhausted. (Id. at ¶ 76.) Plaintiff asks this Court to compel Defendants to release unspecified benefits. (Id. at ¶ 75.)

Plaintiff brings suit under section 1983 against the United States, and federal officials, both current (SSA Commissioner Andrew Saul and ALJ Roxanne Fuller) and former (Defendants Trump, Barr, Berryhill, Mike Pompeo, Steven Mnuchin, Alexander Acosta, and Rex Tillerson). Plaintiff also sues state entities (New York State's Office of Temporary Disability Assistance (OTDA), and Department of Labor (DOL)) and state officials (Tracie Covey with the New York State DOL Unemployment Insurance Division; and Geraldine A. Reilly, Chairwoman of the New York State Unemployment Insurance Appeals Board). In addition, Plaintiff sues Lorelei Salas, former Commissioner of the New York City Department of Consumer Affairs (DCA), which is now the Department of Consumer and Worker Protection, and DCA attorney Allison Johnson. Plaintiff seeks damages.

## DISCUSSION

### A.    Claims against the United States and Federal Officials

Plaintiff's allegations that federal employees violated his constitutional rights can be liberally construed as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].");  *see also*

*Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

The purpose of an implied *Bivens* action "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because of this, a *Bivens* claim will lie only against an individual in a personal capacity, and not against a federal agency or against federal officials in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Here, Plaintiff does not assert any facts suggesting that any of the defendants were involved personally in violating his rights, and thus fails to state a claim upon which relief may be granted against any of them in a personal capacity. The Court therefore construes Plaintiff's claims against Defendants Trump, Barr, Berryhill, Pompeo, Mnuchin, Acosta, Tillerson, Saul, and Fuller, as claims against them in their official capacities.

Sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff has identified no basis for a finding of waiver of the federal government's sovereign immunity, which bars his official-capacity claims against the government and the federal officials who are named as defendants. The Court therefore dismisses Plaintiff's claims

against the United States Government, and Defendants Trump, Barr, Pompeo, Mnuchin, Acosta, Tillerson, Saul, Fuller, and Berryhill, based on sovereign immunity. Plaintiff's claims against the federal officials in their personal capacities are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915(e)(2)(B)(ii).

**B.**     **Claims Regarding Social Security Administration Determinations**

Although Plaintiff cannot bring a claim for damages against SSA Commissioner Saul or ALJ Fuller, the Social Security Act does permit claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security. The second is the requirement that the administrative remedies of the Social Security Administration (SSA) be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge (ALJ); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R.

§ 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the plaintiff may seek review of the decision in a federal district court.[3]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse a failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Plaintiff names SSA ALJ Fuller as a defendant, but Plaintiff does not allege that he has exhausted his administrative remedies for a claim for social security benefits or received a final decision from the Commissioner of Social Security. Plaintiff also does not allege facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under § 405(g) to hear his claims, his claims concerning his right to social security benefits cannot proceed at this time.[4]

---

[3] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

[4] Plaintiff filed a prior suit that appeared to seek review of his claim for federal social security benefits but was asserted against(?) many of the same defendants named in this action,. *See Morris v. The United States Governmen*t, ECF 1:20-CV-2015 (LLS) (S.D.N.Y. Nov. 10, 2020). District Judge Louis L. Stanton granted Plaintiff leave to amend his complaint to plead facts showing that he had exhausted his administrative remedies, but Plaintiff's amended complaint did not include facts showing that he had done so and, on November 10, 2020, the Court dismissed the action. Nearly six months later, on May 13, 2021, Plaintiff moved for an extension of time to appeal the dismissal(?).

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the status of Plaintiff's claim for social security benefits is unclear, the Court grants Plaintiff leave to amend his complaint, either to show that he exhausted his administrative remedies with the Social Security Administration before filing this action, or to set forth facts showing that his failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

## C.     Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the New York State OTDA and DOL are therefore barred by the Eleventh Amendment and are dismissed.

Plaintiff also sues Tracie Covey, who is alleged to work in the New York State DOL's Unemployment Insurance Division, and Geraldine A. Reilly, Chairwoman of the New York State Unemployment Insurance Appeals Board, but he does not plead facts showing how these Defendants were personally involved in violating his rights. See *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in the

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). The

Court therefore dismisses Plaintiff's personal-capacity claims against Defendants Covey and

Reilly for failure to state a claim on which relief can be granted. The Court construes Plaintiff's

claims against these state officials as claims against them in their official capacities. Because

state officials enjoy Eleventh Amendment immunity for claims against them in their official

capacities, the Court dismisses Plaintiff's official-capacity claims against Defendants Covey and

Reilly based on Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).[5]

**D.      Denial of New York City Towing License**

Plaintiff alleges that in 2016, he applied for renewal of his license to operate a towing

business, and that, in 2017, the application was denied based on his felony conviction. (ECF 2 at

¶¶ 78-87.)[6]  The DCWP, formerly the DCA, adjudicates applications for towing licenses.

Plaintiff sues Lorelei Salas, former Commissioner of the New York City DCA, and DCA

attorney Allison Johnson, but he does not plead any facts about what these individuals personally

did or failed to do. Because Plaintiff fails to allege any facts about how Defendants Salas or

Johnson violated his constitutional rights, Plaintiff fails to state a claim upon which relief may be

---

[5] If Plaintiff disagrees with the decision on his application for state unemployment insurance or other benefits, the proper course generally is to appeal the decision – not to sue the individuals who adjudicated his application.

[6] The  Rules of the City of New York (RCNY) provide as follows in connection with an application for a tow truck operator's license: "An applicant shall not have a record of conviction for a crime which in the judgment of the Commissioner has a direct relationship to such person's fitness or ability to perform any of the activities for which a tow truck operator's license is required. Consideration may be given to the circumstances of the underlying arrest, age when arrested, time elapsed since the occurrence of the act which led to the arrest and conviction and the subsequent conduct of the applicant." 6 RCNY § 2-364(d).

granted against either defendant under section 1983. The Court therefore dismisses Plaintiff's section 1983 claims against Defendants Salas and Johnson.

Moreover, any section 1983 claim arising from the denial of Plaintiff's towing license in 2017, appears to have been already time-barred when he filed this complaint on May 14, 2021. The statute of limitations for section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Under federal law, claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted).

If Plaintiff files an amended complaint and includes a claim arising from the 2017 denial of his towing license, he must also plead facts showing equitable tolling of the limitations period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also

establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims that are not barred by sovereign and Eleventh Amendment immunity. If Plaintiff seeks to assert a claim against an individual defendant, he must plead facts showing what each individual personally did or failed to do that violated his rights. If Plaintiff includes a claim arising from the 2017 denial of his towing license in his amended complaint, he must also plead facts showing equitable tolling of the limitations period.. If Plaintiff seeks review under 42 U.S.C. § 405(g) of the denial of social security benefits, the Court directs Plaintiff to:

a) provide the date of the ALJ's decision;

b) provide the date of the Appeals Council letter;

c) provide the date he received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to his amended complaint.

If Plaintiff has not exhausted his administrative remedies, he must include facts showing that his failure to exhaust his administrative remedies should be excused. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4445 (LTS). An Amended Social Security Complaint form and a general Amended Complaint form are attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

SO ORDERED.

Dated:   June 1, 2021
         New York, New York

_____/s/ Laura Taylor Swain_____
         LAURA TAYLOR SWAIN
         Chief United States District Judge

12

_____

_____

Write your full name.

_____CV_____
Include case number only if one has been
assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

**AMENDED**

# COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____
   and the State of _____
      **or** (optional)
   has a principal place of business in the county of _____
   and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on

   (date of Appeals Council letter) _____ , making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on

   (date of receipt of letter) _____

---

### IMPORTANT

### Please attach a copy of the Appeals Council's letter to this complaint.

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

---

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

## PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

_____                    _____

Dated                                                                           Plaintiff's Signature

_____

First Name                            Middle Initial              Last Name

_____

Plaintiff's Address

_____

County, City                                          State                          Zip Code

_____                    _____

Telephone Number                                              Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address                City                    State                      Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                               Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers.  If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900.  We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

Anthe Maria Bova

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs

===

===

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                 Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State         Zip Code

Defendant 2:

_____
First Name                 Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State         Zip Code

Defendant 3:

_____
First Name                 Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State         Zip Code

Defendant 4: _____

              First Name              Last Name

              _____

              Current Job Title (or other identifying information)

              _____

              Current Work Address (or other address where defendant may be served)

              _____

              County, City           State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.