UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH S. MORRIS,<br><br>                                   Plaintiff,<br><br>                       -against-<br><br>PRESIDENT DONALD J. TRUMP; COMM ANDREW SAUL OF SOCIAL SECURITY; NANCY BERRYHILL, DEPUTY COMM. OF SOCIAL SECURITY; UNITED STATES OF AMERICA (GOV); LORELEI SALAS, COMM. OF DCA; ALLISON JOHNSON, DEPARTMENT OF CONSUMER AFFAIRS; TRACIE L. COVEY, ED. OF UNEMPLOYMENT INSURANCE APPEALS BOARD NYS; GERALDINE A. REILLY, CHAIRWOMAN, NYS ULAB; STEVEN MNUCHIN; ALEXANDER ACOSTA, D.O.L. SECRETARY; MIKE LAST NAME UNKNOWN BUT OWNER OF YONKERS KIA a/k/a YONKERS AUTO OUTLET; LINA KHAN, COMM. FTC; STEVEN MELVINI, SDNY CLERK; STEPHEN GESKY, DIR. (ADJUDICATION UNIT); HESITKA SDNY CLERK SUPERVISOR; NORTHWELL LENOX HILL HOSP.; ANDREW J. SPANO, N.Y.S. BOARD OF ELECTIONS COMM.; HESTER M. PEIRCE, STOCK EXCHANGE COMM.; THE STATE OF NEW YORK; MARTIN J. WALSH, D.O.L. COMM; ROHIT CHOPRA CFPB DIRECTOR; SECRETARY OF N..S. TREASURY; MILTON ADAIR TINGLING; MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES; ROBERTA REARDON, DEPT. OF LABOR COMM.; SAMI SABA,<br><br>                                   Defendants. | 21-CV-4445 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights by: (1) refusing to renew his tow truck license in 2017, based on his recent felony conviction; and (2) "conspir[ing] with the [D]epartment of Labor, Social

Security Administration, and the Unemployment [I]nsurance [A]gency [to] depriv[e] the plaintiff" of benefits (ECF 2 at ¶¶ 96-97).[1]

By order dated June 1, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading and advised him that his allegations failed to state a claim on which relief could be granted, that several claims appeared to be time-barred, and that his remedy, if he disagreed with these benefits determinations, was to appeal the decisions – not to sue the decisionmakers for damages. Plaintiff did not file an amended complaint within the time allowed, and on August 3, 2021, the Court dismissed this action.

Plaintiff appealed the dismissal and moved to reopen this action on the ground that life events had prevented him from timely filing the amended complaint. On February 9, 2022, the Court granted Plaintiff's motion to vacate the judgment and reopen this matter and directed him to file the amended complaint within 60 days. Plaintiff thereafter sought an extension of time to do so, which the Court granted. On April 28, 2022, Plaintiff filed an amended complaint. The Court of Appeals dismissed Plaintiff's appeal by mandate issued May 2, 2022.

The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] Plaintiff also filed an earlier action against many of the same defendants. *See Morris v. Trump*, No. 20-CV-2015 (LLS) (S.D.N.Y. May, 5, 2020). That action was dismissed based on sovereign immunity and because Plaintiff did not have a final decision from the Social Security Administration.

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Keith Morris's amended complaint:

> Approximately on or about five years to date, May 20th, 2022, plaintiff has been submitting relevant and Substantial evidence that the Southern District Court Clerk is unaccountable for the loss, or bailment of Property, for which Mr.

> MELVINI has not maintained, nor his supervisor Mr. HESITKA, neither has the Other principle agents named above been held accountable for aiding and abetting the exploitation of a Right guaranteed the plaintiff, not have a hearing been held to inquire into the mitigating circumstances Warranting plaintiff less protection than the United States Constitution require of the full protection of The laws, which for example entitle the plaintiff to a speedy trial; representation by a lawyer for Purpose of self-incrimination; the right to be notified of charges; especially in identification hearings; Liability for conversion of property left at the scene of a crime, to wit: 26 Federal Plaza, New York, New York 10007. Andrew Saul's failure to disclose his landlord, or the individual whom he has leased, or Otherwise take full responsibility of the matter at hand. The above named defendants can not claim Immunity for a criminal act that was waived, and illegal to carry out in their capacity as an officer of the United States government of democracy, not only would this conduct harm the individual plaintiff, but Also the public at large. In violation of New York city by laws & ordinances zoning laws. For the stated Facts, it can be inferred that defendants failed to provide plaintiff the level of protection any reasonable Person would afford an individual in a explosive unit, such as the vocational hearing held May 20th, 2019 by ALJ R. Fuller. Plaintiff's complaint is the nexus for the May 4th, 2021, restoration of voting rights for Ex-felons/convicts signed into law via ex-governor Mario Cuomo, the gist of plaintiff's complaint is That the named defendants owed plaintiff Certain kind of protection that was not afforded plaintiff Pursuant to the equal protection of the laws, nor were theses acts recorded resulting in the deprivation Of the plaintiff's right not to be twice penalized with the infliction of pain and suffering for the same Offense for which the plaintiff has paid his debt to society impeding the voting rights; the Fifth; Fourth, Sixth; seventh; eighth; and nine & ten of the Constitutional Amendment.

(ECF 14 at 2.)[2]

Plaintiff does not indicate that he applied for benefits from the Social Security Administration, but he alleges the following:

> Defendant, Nancy A. Berryhill, deputy commisioner of the Social Security Administration is Charge with selective discrimination of plaintiff, and like kind, by collectively grouping all felons ex-convicts as a whole; rather than, in their individual capacity for eligibility to exercise their Voting rights for qualified jurors that previously served time; rather than being excluded from Exercising plaintiff's right to jurors of his peers. Defendants practice is illegal & impairs the Plaintiff's rights conferred by the United States Constitution, whereas, this trick mitigates the Full protection of the Constitution, by way of denying the plaintiff a right to legal representation, Mitigation of the plaintiff' right to a speedy trial; oppression of voting rights guaranteed by the United States Constitution that are

---

[2] All spelling and punctuation in this and other quoted material is from the original.

>being forfeited to plaintiff's of like kind, intentionally denial Of representation for the purpose of self incrimination, which is per-se gross negligence.

(*Id.* at 2-3.)

The following allegations appear to relate to Plaintiff's applications for social security and unemployment insurance benefits:

>[P]laintiff would like to inquire whether or not the landlord was aware that explosives Hazards were on his premises with or without his knowledge, and whether or not the landlord Insured the risk (quid pro quo). Theses documents are essential to inquire whether or not Defendant (landlord) was a participating coconspirator. Principle agents of the defendants scheduled the plaintiff for hearing, in order that the social security administration could carry Out the fraud of purchasing the sale (of the plaintiff's not for sale) complaint.
>Plaintiff had no reason to distrust the hearing officers in either one of the two hearings the Plaintiff had; but since then May 20th, 2019; and another on November 25, 2020, he has Discovered unfit conditions at the hearing location that are a deliberate indifference & Proximate cause of the plaintiff injury for which the plaintiff relied upon the final determination of the disability office, which were his Doctor's disability Residual Functioning Capacity Report . . . and Defendants relied upon the vocational officer's opinion, who's statements conflict with the Plaintiff's doctor, and without challenge to the plaintiff. . . The known fact that both hearing magistrates work for the State and are paid by the State (Defendants) , and the documents which the plaintiff seek are pertinent to material proving the Plaintiff's complaint at trial. Not to mention the hearing officers' boss is any COMMISSIONER of the State.

(*Id.* at 12-13.)  Plaintiff includes the following allegations in connection with the denial of renewal of his towing license:

>Defendants have made false accusations the plaintiff's business, on defendants LORELEI SALAS, COMM. Of The Department of Consumer Affairs accusation that plaintiff was a convicted felon; therefore Plaintiff couldn't conduct a business because plaintiff might be presuming to steal customers credit information. Plaintiff claims that defendants' false accusations cause a severe hazard to the Sustaining of the plaintiff's livelihood, manifested by the defendants conduct to restrict the plaintiff from obtaining and maintaining a towing license.

(*Id.* at 13.)

Plaintiff attaches to the complaint an August 4, 2017 decision from the New York City Department of Consumer Affairs (DCA), denying his application to renew his tow truck driver

5

license based on a "direct relationship between [his] criminal history and the duties of being a" tow truck driver. (*Id.* at 21.) The decision notes that Plaintiff was convicted of assault in the third degree in 2013, and of criminal possession of a weapon in the fourth degree in April 2016, in addition to convictions for robbery and theft of services in the 1980s during his youth. The DCA stated that it had considered a letter from the President of In Arms Reach, a nonprofit organization, expressing appreciation for Plaintiff's mentorship of program participants; Plaintiff's own written statement; and New York's public policy to encourage licensure and employment of persons with convictions, N.Y. State Corr. Law § 753(a). The DCA informed Plaintiff that due to the brief time that had elapsed since his last criminal offense, and the fact that the nature of the crime "directly related to the duties" of a tow truck driver, his application to renew his license was denied. (*Id.* at 24.) The decision notes that Plaintiff could seek review of the August 2017 decision, within four months, by initiating a proceeding under Article 78 of the New York Civil Practice Law and Rules. (*Id.*) Plaintiff does not indicate in the amended complaint that he filed an Article 78 proceeding in state court, or, if so, the outcome of any such state court proceeding.

Plaintiff names many of the same defendants sued in his original complaint (such as Donald Trump, Steven Mnuchin, Lorelei Salas, Andrew Saul, and Nancy Berryhill), and adds many new defendants (Merrick Garland, Mike "Doe," Owner of Yonkers Auto Outlet, Milton Adair Tingling, Lina Khan, Commissioner of the Federal Trade Commission, Northwell Lenox Hill Hospital, Dr. Sami Saba, and others). He seeks damages.

In the order to amend (ECF 6), the Court dismissed Plaintiff's claims against the United States Government and individual federal defendants in their official capacities based on sovereign immunity; the Court dismissed the claims against the individual federal defendants, in

their personal capacities, for failure to state a claim upon which relief may be granted. Likewise, the Court dismissed Plaintiff's claims against the New York State Department of Labor and claims for damages against individual state defendants, in their official capacities, based on Eleventh Amendment immunity; the Court dismissed the claims against individual state defendants, in their personal capacities, for failure to state a claim upon which relief may be granted.

In the same order, the Court dismissed Plaintiff's claims for benefits from the Social Security Administration because Plaintiff did not allege that he had received a final decision from the Commissioner of Social Security. Lastly, the Court held that any claim under 42 U.S.C. section 1983 arising from the denial of Plaintiff's towing license in August 2017, appeared to have been time-barred as of the date he filed this complaint on May 14, 2021. The Court granted Plaintiff leave to amend his complaint to detail those claims that were not barred by sovereign and Eleventh Amendment immunity, directed him to plead facts showing what each individual personally did or failed to do that violated his rights, and noted that, if he included a claim arising from the 2017 denial of his towing license in his amended complaint, he must also plead facts showing equitable tolling of the limitations period.

## DISCUSSION

Plaintiff's amended complaint has not cured the deficiencies identified in his original complaint. First, Plaintiff's amended complaint does not comply with Rule 8 because it is not a short and plain statement that puts defendants on notice of the claims against them. In addition, Plaintiff does not plead facts showing that he is seeking review of a final decision from the Commissioner of Social Security. Plaintiff seems to reassert his claim that the DCA's denial of his towing license was wrongful, which the Court previously construed as a claim under 42

7

U.S.C. section 1983, but he does not plead facts that could be the basis for equitably tolling the three-year limitations period for such a claim.[3]

In addition, in the amended complaint, Plaintiff has added numerous parties, including Merrick Garland, Mike "Doe," Owner of Yonkers Auto Outlet, Milton Adair Tingling, Lina Khan, Commissioner of the Federal Trade Commission, Northwell Lenox Hill Hospital, Dr. Sami Saba, and others. It is unclear what claims Plaintiff wishes to bring against these individuals. The new claims appear to involve matters far afield from those in the original complaint. As such, these matters are beyond the scope of the leave that was granted. The Court is authorized to dismiss claims going beyond the scope of the original lawsuit and the permitted amendment. *See, e.g. Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases); *Sullivan v. Stein*, 487 F. Supp. 2d 52 (D. Conn. 2007) (dismissing claims as "beyond the scope" of the Court's order).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court denies further leave to amend as it would be futile.[4]

---

[3] Even if that claim were timely, Plaintiff also does not plead any facts suggesting that he did not have a meaningful opportunity for a full review of his claim, including an appeal in an Article 78 proceeding.

[4] Nothing in this order prevents Plaintiff from reapplying for benefits from the Social Security Administration, if appropriate.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), fails to comply with the Court's order to amend (ECF 6) and is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   March 13, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge